IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-41-BLG-SPW |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| GARRET JAY COSTA, JR., | |
| Defendant. | |

## I.  Synopsis

The United States accused Mr. Costa of violating his conditions of supervised release in nineteen (19) different respects.  He admitted to the violations.  Mr. Costa's supervised release should be revoked.  He should be sentenced to three months of custody on each count, to run concurrent, with thirty-three months of supervised release to follow.  The first sixty days of Mr. Costa's supervised release should be spent in inpatient treatment at Connections Corrections, or as directed by the United States Probation Office.

## II.  Status

On May 5, 2016, United States District Court Judge Susan Watters sentenced Mr. Costa to thirty months in custody on each count, to run

1

concurrently, with thirty-six months of supervised release to follow, after he pleaded guilty to Assault with a Dangerous Weapon and Assault Resulting in Serious Bodily Injury. (Doc. 33). Mr. Costa began his current term of supervised release on October 19, 2017.

On December 5, 2017, the United States Probation Office filed a Report on Offender under Supervision, alleging Mr. Costa had consumed alcohol and marijuana. (Doc. 36). The Court allowed him to continue his supervised release.

On April 27, 2018, the United States Probation Office filed a Report on Offender under Supervision to address Mr. Costa's recurring non-compliance, missing of urinalysis testing, and consumption of alcohol and marijuana. (Doc. 37). The Court allowed him to continue his supervised release.

**Petition**

On June 7, 2018, the Probation Office filed a petition seeking to revoke Mr. Costa's supervised release. The petition alleged as follows:

1. On October 20, 2017, Mr. Costa submitted a urine sample which tested positive for alcohol.

2. On November 3, 2017, Mr. Costa failed to report for his initial appointment with Posse Partners and to enroll in testing as directed.

3. On November 13, 2017, Mr. Costa admitted during a home visit to using marijuana.

4. On November 13, 2017, Mr. Costa admitted during a home visit to consuming alcohol.

5. On November 13, 2017, Mr. Costa reported that he quit his job without giving prior notice to his probation officer.

6. On December 5, 2017, Mr. Costa failed to attend a scheduled appointment for substance abuse treatment.

7. On December 6, 2017, Mr. Costa was directed to report for a non-compliance hearing, and that he failed to report for the hearing on December 13, 2017.

8. On February 2, 2018, Mr. Costa failed to report for random urine testing.

9. On February 6, 2018, Mr. Costa failed to attend a scheduled substance abuse treatment appointment.

10. On February 28, 2018, Mr. Costa failed to report for random urine testing.

11. On March 9, 2018, Mr. Costa failed to report for random urine testing.

12. On March 12, 2018, Mr. Costa failed to report for random urine testing.

13. On March 20, 2018, Mr. Costa failed to attend a scheduled substance abuse treatment appointment.

14. On March 21, 2018, Mr. Costa failed to report for random urine testing.

15. On March 31, 2018, during a home visit, Mr. Costa admitted to consuming alcohol two weeks prior.

16. On March 31, 2018, during a home visit, Mr. Costa admitted to using

      marijuana two weeks prior.

17. On May 11, 2018, Mr. Costa submitted a urinalysis test which was positive for methamphetamine use.

18. On May 16, 2018, Mr. Costa failed to report for random urine testing.

19. On May 12, 2018, Mr. Costa was stopped by a Big Horn County Sheriff's Deputy for suspicion of driving under the influence, and while the crime was not charged, Mr. Costa failed to report the officer contact to his probation officer.

(Doc. 38). Based on the petition, Judge Watters issued a warrant for Mr. Costa's arrest. (Doc. 39).

### Initial appearance

Mr. Costa appeared before the undersigned on June 6, 2108, in Great Falls, Montana, for an initial appearance. Federal Defender Hank Branom accompanied Mr. Costa at the initial appearance. Assistant United States Attorney Jessica Betley represented the United States.

Mr. Costa said he had read the petition and understood the allegations. Mr. Costa waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

Mr. Costa admitted to the violations as alleged in the petition. The admitted violations are serious and warrant revocation of Mr. Costa's supervised release.

4

Mr. Costa's violation grade is Grade C, his criminal history category is I, and his underlying offenses are both Class C felonies. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Costa exercised his right of allocution and explained to the court that he was interested in seeking treatment. The Court continued his sentencing hearing until June 26, 2018.

On June 26, 2018, the Court resumed Mr. Costa's sentencing hearing. Mr. Branom represented Mr. Costa, and Assistant United States Attorney Jeff Starnes represented the United States. Mr. Branom argued for a sentence of three months custody, with sixty days of inpatient treatment at Connections Corrections, noting that Mr. Costa was motivated to change. Mr. Costa exercised his right of allocution and agreed with Mr. Branom. Mr. Starnes similarly agreed to a sentence of three months with thirty-three months of supervised release to follow, with sixty days of inpatient treatment.

### III. Analysis

Mr. Costa's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to three months of custody on

each count, to run concurrent, with thirty-three months of supervised release to follow. The first sixty days of Mr. Costa's supervised release should be spent in inpatient treatment at Connections Corrections, or as directed by the United States Probation Office. This sentence would be sufficient for the violation of the Court's trust, but would not be greater than necessary.

## IV. Conclusion

Mr. Costa was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within fourteen days of their issuance. The undersigned explained that Judge Morris would consider Mr. Costa's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Costa's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Garret Jay Costa violated the conditions of his supervised release in nineteen different respects, as set forth above.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Costa's supervised release and committing Mr. Costa to the custody of the United States Bureau of Prisons for three months on each count, to run concurrent, with thirty-three months of supervised release to follow. The first sixty days of Mr. Costa's supervised

release should be spent in inpatient treatment at Connections Corrections, or as directed by the United States Probation Office.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 27th day of June, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge